UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: BIG BUCK BREWERY AND STEAKHOUSE,

    Debtor.
_____/

BODMAN LLP,

    Appellant,                           Bkrptcy No. 04-56761-SWR
                                               HON. STEVEN RHODES
vs.                                                 Case No. 05-CV-74866
                                               HON. GEORGE CARAM STEEH
BIG BUCK BREWERY AND STEAKHOUSE,

    Appellee.
_____/

OPINION AND ORDER
REVERSING NOVEMBER 18, 2005 ORDER AND REMANDING FOR
ENTRY OF ORDER GRANTING APPROVAL OF BODMAN'S
APPLICATION FOR COMPENSATION

Appellant lawfirm Bodman LLP appeals from a November 18, 2005 Bankruptcy Court Order denying Bodman's application for $26,201.00 in compensation for services rendered as special co-counsel to debtor Big Buck Brewery and Steakhouse ("Big Buck"). The appeal is unopposed.[1]  Oral argument is not required.  See Fed. R. Bank P. 8012.

The Bankruptcy Court initially approved Bodman's employment as co-counsel for debtor-in-possession Big Buck on August 8, 2005, nunc pro tunc to July 18, 2005.  A $50,000.00 retainer was ordered paid to Bodman, and was to be applied to a final invoice. August 8, 2005 Bankruptcy Order.  On August 11, 2005, creditors Michael Eyde and Land

---

[1] No party has filed an appellee brief as required by this court's January 12, 2006 Scheduling Order.

One, L.L.C. moved to disqualify Bodman as co-counsel for Big Buck, arguing Bodman represented Big Buck's largest creditor BBAC in a transaction in which BBAC acquired the indebtedness of the Wayne County Employees Retirement System ("WCERS"), constituting an actual conflict of interest which precluded Bodman's employment under 11 U.S.C. § 327(c).  On August 16, 2005, Bodman filed a Second Supplement to Verified Statement of Compliance indicating that: (1) from late 2002 to early 2003, Bodman was paid $950.00 for legal services Bodman provided to Iridium Consulting regarding consulting services relating to Big Buck, services that were adverse to WCERS; and (2) in February and March 2004, Bodman was paid $3,098.45 for representing Iridium in its acquisition of WCERS's claims against Big Buck vis-a-vis Iridium subsidiary BBAC, services that were also adverse to WCERS.  On August 22, 2005, the Bankruptcy Court ruled that its August 8, 2005 Order appointing Bodman as co-counsel to Big Buck should be vacated upon concluding that the authorization was improper under 11 U.S.C. § 327(c).  See August 22, 2005 Hearing Transcript, at 12-13. No formal order was entered.  On October 19, 2005, Bodman moved for $26,201.79 in fees and expenses for services it rendered as Big Buck's special co-counsel from July 20, 2005 through August 26, 2005.  The Bankruptcy Court denied Bodman's application, explaining:

> . . . . [O]n August 22, 2005, following an objection to Bodman's employment, the Court vacated the August 8, 2005 order, because Bodman had represented the debtor's major secured creditor in some of its dealings with the debtor.  The Court further concluded that Bodman's employment as counsel for a "specified special purpose" under section 327(e) could not be granted because the proposed employment was for the purpose of assisting obtaining [sic] confirmation of the debtor's plan.
>
> Accordingly, Bodman's employment was not approved by the Court [fn. 1] and Bodman is not entitled to fees.  The application is denied.

―――――――――――――――――――――――――――――――――――

> Fn.1. Through mistake, no formal order vacating the August 8, 2005 order has yet been entered.

November 18, 2005 Order, at 2. A separate November 18, 2005 Order entered vacating the August 8, 2005 Order approving Bodman's employment. Bodman's motion for reconsideration was denied on December 16, 2005.

This court reviews a bankruptcy court's retention and compensation orders for an abuse of discretion. <u>Michel v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)</u>, 44 F.3d 1310, 1315 (6th Cir.1995). Findings of fact are reviewed under a clearly erroneous standard, while questions of law are reviewed <u>de novo</u>. <u>Id</u>. The district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Bankruptcy Rule 8013.

With limited exceptions inapplicable here, debtor-in-possession Big Buck has the same rights and powers of a trustee. 11 U.S.C. § 1107(a). 11 U.S.C. § 327(e) provides:

> (e) The trustee, with the court's approval, may employ, <u>for a specified special purpose, other than to represent the trustee in conducting the case</u>, an attorney that has represented the debtor, if in the best interest of the estate, and <u>if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed</u>.

11 U.S.C. § 327(a, c, e) (emphasis added).

The Bankruptcy Court found that Bodman did not qualify as "special counsel" under § 327(e) because Bodman was "representing the debtor [Big Buck] in the context of seeking the confirmation of debtor's plan," and therefore was representing Big Buck "in conducting the case." <u>See</u> August 22, 2005 Hearing Transcript, at 12. It was undisputed at the hearing, however, that only creditors Michael Eyde and Land One, L.L.C. were objecting to confirmation of the plan as lien holders on Auburn Hills, Michigan real property

from which Big Buck conducted business.  See In re Big Buck Brewery & Steakhouse, 04-CV-74771 (E.D.Mich. May 25, 2005) (affirming Bankruptcy Court's adversary proceeding ruling that a purported ground leaseback transaction between Eyde and Big Buck was a disguised financing statement).  Bodman was first hired by Big Buck on July 18, 2005 for the specific purpose of providing its expertise in matters related to 11 U.S.C. § 1111(b) (governing allowance or disallowance of a claim secured by a lien on property) and litigation support.  See Brief, at 6.  The United States Trustee opined at the hearing before the Bankruptcy Court that he believed Bodman qualified as special counsel under § 327(e). See August 22, 2005 Hearing Transcript, at 11.  Counsel for the committee of unsecured creditors likewise opined that BBAC and the Committee were in support of the plan, "and we don't believe there is a conflict here adverse to either interest."  Id. at 12.  Litigating, negotiating, or examining specific claims does not constitute "conducting the case" for purposes of § 327(e).  See DeVlieg-Bullard, Inc. v. Natale (In re DeVlieg), 174 B.R. 497, 504-505 (N.D.Ill. 1994).  On this uncontested appellate record, the Bankruptcy Court abused its discretion in finding that Bodman did not qualify as "special purpose counsel" under 11 U.S.C.§ 327(e) because Bodman was employed by Big Buck for the purpose of assisting in confirmation of the plan.  Because Bodman was employed for a special purpose other than "conducting the case," and because Bodman did not represent or hold any interest adverse to Big Buck with respect to the matters for which Bodman was employed,

The Bankruptcy Court's November 18, 2005 Order vacating the approval of Bodman's employment by Big Buck is hereby REVERSED and REMANDED.  On remand, and consistent with the Bankruptcy Court's August 8, 2005 appointment of Bodman and the

4

analysis herein, Bodman's October 19, 2005 application for $26,201.00 shall be approved by the Bankruptcy Court.

SO ORDERED.

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

Dated: March 9, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 9, 2006, by electronic and/or ordinary mail.

                                          s/Josephine Chaffee
                                          Secretary/Deputy Clerk